UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY HORTON,

        Plaintiff,                      Case No. 1:14-cv-1177

v.                                          Hon. Robert J. Jonker

LKQ/KEYSTONE AUTOMOTIVE
INDUSTRIES,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Bobby Horton filed this *pro se* action against defendant LKQ/Keystone Automotive Industries, seeking relief under 42 U.S.C. § 1983, 42 U.S.C. § 2000e ("Title VII of Civil Rights Act"), 42 U.S.C. § 1212 [sic] ("Americans with Disabilities Act"), and 42 U.S.C. § 12101 *et seq.* ("Americans with Disabilities Act"). Compl. (docket no. 1, PageID.1). This matter is now before the Court on defendant's "Motion to dismiss plaintiff's complaint with prejudice" seeking relief under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (docket no. 10). Defendant's motion is unopposed.

        **I.**        **Plaintiff's complaint**

Plaintiff set forth the following allegations in his complaint. He is employed by "Defendant LKQ/Keystone Automotive - Lansing." Compl. at PageID.1. On May 25, 2010, plaintiff sustained an "on-the-job-injury" while working as a driver. *Id.* He underwent knee surgery on August 16, 2011. *Id.* at PageID.2. Plaintiff received worker's compensation from June 2010 through October or November 2011, and was placed on off-from-work status from June 1, 2011

through October or November 2011). *Id.* When this status expired, plaintiff returned to his position as a driver and was placed on a medical restriction which limited him to lifting no more than 30 pounds. *Id.* Defendant was aware of this lifting restriction, that plaintiff's "file was referred for the purpose of medical case management to facilitate an appropriate plan of care for Maximum Medical Improvement (MMI) while maintaining full work status as medically appropriate," and that plaintiff was assigned a Nurse Case Manager with ManageAbility, Inc. *Id.*

In May 2012, a treating physician authorized a work restriction of no more than 40 pounds, which plaintiff provided to defendant. *Id.* Plaintiff suspected that some of the parts he was required to lift weighed more than 40 pounds but defendant would not weigh them. *Id.* at PageID.3. Defendant's general manager, Jim Cordle, refused to recognize the lifting restrictions. *Id.* Because defendant failed to accommodate his disability, plaintiff sustained an injury at work. *Id.* Plaintiff went to the emergency room at Sparrow Hospital, where it was recommended to have emergency hernia repair surgery. *Id.* Plaintiff had the surgical repair done about six months later on November 28, 2012. *Id.*

On January 1, 2013, plaintiff was placed on a work restriction that limited lifting to 20 pounds. *Id.* Plaintiff alleged that defendant accommodated the restriction by placing him on light duty in a warehouse. *Id.* In March 2013, he provided defendant with a copy of the 40-pound work restriction and defendant provided plaintiff with a helper to assist him in lifting items in excess of 40 pounds. *Id.* Defendant provided the helper until August 27, 2013, when defendant demoted plaintiff to the position of "Hot Run Driver." *Id.* at PageID.3-4. Plaintiff alleged that defendant failed to recognize a "negotiated" indefinite 40-pound lifting restriction which was due to his disability. *Id.* at PageID.3. Plaintiff contends that defendant failed to accommodate his disability

as of August 27, 2013, and that he was subject to a frequent hostile and offensive work environment, that illegal harassment resulted in an adverse employment decision and his demotion, and that his disability was a factor in defendant's decision to demote him. *Id.* at PageID.4. Plaintiff also contends that he was subjected to a retaliatory hostile work environment on a daily basis. *Id.* On September 9, 2014, plaintiff filed a charge against defendant with the Michigan Department of Civil Rights (MDCR) and the Equal Opportunity Employment Commission (EEOC). *Id.* For his relief, plaintiff seeks $250,000.00 in damages, reinstatement to his higher pay rate and back pay. *Id.*

    **II.**    **Discussion**

    **A.**    **Plaintiff's claims under the ADA**

The thrust of plaintiff's complaint is that defendant discriminated against him in violation of the ADA. A plaintiff's right to sue in federal court for employment discrimination under the ADA is dependent upon the exhaustion of administrative remedies. Under the ADA, a claimant who wishes to bring a lawsuit claiming a violation of the act must file a charge of discrimination with the EEOC within 300 days of the alleged discrimination. *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 309 (6th Cir. 2000); 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(e)(1).[1] If the EEOC dismisses the charge and issues a right-to-sue letter, the plaintiff has ninety days to file a civil action. *Hoover v. Timken Co.*, 30 Fed. Appx. 511, 513 (6th Cir. 2002); 42 U.S.C. § 2000e-5(f)(1). A civil action filed after that period is time barred. *See McGhee v. Disney Store*, 53 Fed. Appx. 751 (2002) (6th Cir. Dec. 11, 2002) (approving dismissal of *pro se* plaintiff's disability discrimination

---

[1] The ADA explicitly cross-references and adopts Title VII's enforcement section. *See Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312, 322 (6th Cir. 2012); 42 U.S.C. § 12117(a) ("The powers, remedies, and procedures set forth in sections 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9 of this title shall be the powers, remedies, and procedures [of] this subchapter . . . .").

complaint under the ADA as time-barred for failure to file within 90 days of receipt of right-to-sue notice). "The exhaustion of administrative remedies is a condition precedent to an ADA action." *Hoover*, 30 Fed. Appx. at 513. The failure to timely exhaust administrative remedies is an appropriate basis for dismissal of an ADA action. *Hoover*, 30 Fed. Appx. at 513.

Defendant's combined motion seeks dismissal of the ADA claims on two grounds. First, plaintiff failed to meet a condition precedent by failing to file this lawsuit after receiving the right-to-sue letter on his claim that defendant failed to accommodate his disability and terminated him in violation of the ADA. The Court will address this claim under Fed. R. Civ. P. 12(b)(6). Second, plaintiff's retaliatory hostile work environment claim brought under the ADA fails for lack of subject matter jurisdiction. The Court will address this claim under Fed. R. Civ. P. 12(b)(1).

**1.    Plaintiff's claim that defendant violated the ADA for failing to accommodate his disability and demoting him**

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) seeks to dismiss a complaint for "failure to state a claim upon which relief can be granted."

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Churchs*

*Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. National Collegiate Athletic Association*, 528 F.3d 426, 430 (6th Cir. 2008).

It is well established that "*pro se* complaints are held to even 'less stringent standards than formal pleadings drafted by lawyers.'" *Kent v. Johnson*, 821 F.2d 1220, 1223 (6th Cir. 1987), quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, while *pro se* pleadings are to be liberally construed, "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).

Here, plaintiff filed his charge of discrimination against defendant on September 4, 2013, claiming that defendant violated his rights under the ADA and the Michigan Persons with Disabilities Act, specifically: that he began requesting an accommodation for his disability in May 2013; that defendant failed to accommodate his disability, most recently on August 27, 2013; that he was demoted on August 27, 2013; and that his disability was a factor in defendant's decision to demote him. *See* Charge of Discrimination filed with the MDCR and the EEOC (docket no. 11-1, PageID.29). On August 8, 2014, the EEOC mailed its Dismissal and Notice of Rights (sometimes referred to as the "right to sue letter") to plaintiff, advising plaintiff that he may file a lawsuit against defendant in federal or state court, but that "Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue on this charge will be lost." *See* Right-to-sue letter (docket no. 11-4, PageID.61) (emphasis in original). Because the right-to-sue letter was mailed to plaintiff, he was allotted an additional five days to file his complaint. "The Sixth Circuit has

5

resolved that notice is given, and hence the ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of [a right-to-sue letter] to the claimant's record residential address, by virtue of a presumption of actual delivery and receipt within that five-day duration, unless the plaintiff rebuts that presumption with proof that he or she did not *receive* notification within that period." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000) (footnote omitted) (emphasis in original).[2] Plaintiff has not rebutted the presumption with proof that he did not receive the right-to-sue letter within the allotted time period. Indeed, plaintiff did not even respond to defendant's motion, despite the Court's invitation to do so. *See* Order (docket no. 15).

Based on the record, the EEOC mailed the right-to-sue letter on August 8, 2014. Plaintiff had 95 days to file his complaint, making it due on Tuesday, November 11, 2014. Because Tuesday was a court holiday, plaintiff's complaint was due on Wednesday, November 12th. However, plaintiff did not file this action until Friday, November 14th. *See* Compl.[3] "The federal courts have strictly enforced Title VII's ninety-day statutory limit." *Graham-Humphreys*, 209 F.3d at 557. "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Id.* quoting *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984) (dismissing *pro se* Title VII case filed outside of limitations). "Title VII's ninety day period applies to *pro se* plaintiffs, and even

---

[2] In reaching this result, the Sixth Circuit allotted two days for postal delivery of the right-to-sue letter beyond the three day period allowed by Fed. R. Civ. P. 6. *See Graham-Humphreys*, 209 F.3d at 557, fn. 9.

[3] The complaint was stamped as filed at the Lansing Clerk's Office on "November 14, 2014  3:42 PM." Compl. at PageID.1.

one day's delay is fatal to a claim." *Williams v. Sears, Roebuck & Co.*, 143 F. Supp. 2d 941, 945 (W.D. Tenn. 2001). *See Wilson v. Doctors Hospital of Hyde Park*, 909 F.Supp. 580, 581 (N.D.Ill.1996) (dismissing *pro se* plaintiff's Title VII claim filed 91 days after receipt of right to sue letter). *See also*, *Burton v. DTE Coke Operations, LLC*, No. 10-14085, 2011 WL 2837654, at *2 (E.D. Mich. June 27, 2011), report and recommendation adopted, No. 10-14085, 2011 WL 2802908 (E.D. Mich. July 18, 2011) (dismissing *pro se* plaintiff's Title VII claim filed one day late). Here, plaintiff filed his complaint two days late. Accordingly, defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted as to plaintiff's claims that defendant failed to accommodate his disability and demoted him in violation of the ADA.

### 2. Plaintiff's claim that defendant subjected him to a "retaliatory hostile work environment"

Reading plaintiff's complaint liberally, the Court construes the complaint as alleging that defendants retaliated against him in violation of the ADA by creating a hostile work environment. First, to establish a case of retaliation under the ADA, the employee must show that "(1) the plaintiff engaged in activity protected under the ADA; (2) the employer knew of that activity; (3) the employer took an adverse action against plaintiff; and (4) there was a causal connection between the protected activity and the adverse action." *Rorrer v. City of Stow*, 743 F.3d 1025, 1046 (6th Cir. 2014). Second, "[i]n order to maintain an action for a hostile work environment under the ADA, the employee must demonstrate that: (1) she was disabled; (2) she was subject to unwelcome harassment; (3) the harassment was based on her disability; (4) the harassment unreasonably interfered with her work performance; and (5) the defendant either knew or should have known about the harassment and failed to take corrective measures." *Trepka v. Board of*

*Education*, 28 Fed. Appx. 455, 461 (6th Cir. 2002).

Defendant seeks to dismiss plaintiff's claim for retaliatory hostile work environment for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because these claims are outside of the scope of the claim and right-to-sue letter issued by the EEOC.

> A challenge to subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) may be a facial attack, challenging the sufficiency of a plaintiff's factual allegations, or a factual attack, challenging the fact of subject matter jurisdiction. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir.1994); *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir.1990). When a defendant mounts a factual attack on subject matter jurisdiction, a court may weigh the evidence regarding jurisdiction, including affidavits and other evidence outside the pleadings, and the plaintiff bears the burden of proving jurisdiction. *Ritchie*, 15 F.3d at 598; *Rogers v. Stratton Indus.*, 798 F.2d 913, 916 (6th Cir.1986).

*Dickson v. Wojcik*, 22 F. Supp. 3d 830, 834 (W.D. Mich. 2014). Here, defendant has raised a factual attack on subject matter jurisdiction by introducing evidence outside of the pleadings. Specifically, plaintiff's charge of discrimination (PageID.29) and right-to-sue letter (PageID.61).

"It is well settled that federal courts do not have subject matter jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can be reasonably expected to grow out of the EEOC charge." *Strouss v. Michigan Department of Corrections*, 250 F.3d 336, 342 (6th Cir. 2001). *See Weigel v. Baptist Hospital of East Tennessee*, 302 F.3d 367, 380 (6th Cir. 2002) (a plaintiff's complaint filed in the district court must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination). Here, the EEOC's right-to-sue letter was limited to EEOC charge no. 23A-2014-00004, in which plaintiff claimed that he was denied an accommodation and demoted in violation of the ADA. *See* Charge of discrimination; Right-to-sue letter. Plaintiff's charge of discrimination based on defendant's failure to accommodate his alleged disability did not include factual allegations

8

which would have prompted the EEOC to expand its investigation to include claims of retaliation or harassment. Accordingly, defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) should be granted as to plaintiff's claim for a retaliatory hostile work environment.

### B. Plaintiff's claims under 42 U.S.C. § 1983 and Title VII

Finally, plaintiff's complaint cites 42 U.S.C. § 1983 and Title VII. Reading plaintiff's complaint liberally, the Court concludes that plaintiff has failed to allege a claim for relief under either statute. *See* Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief"). A plaintiff's obligation to provide the defendant with the grounds for his entitlement to relief "requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. Here, plaintiff's citation of § 1983 and Title VII are nothing more than statutory labels which fail to provide defendant with a fair notice of these claims. Accordingly, defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted as to these claims.

### III. RECOMMENDATION

For these reasons, I respectfully recommend that defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (docket no. 10) be **GRANTED** as to plaintiff's claims that defendant violated the ADA for failing to accommodate his disability and demoting him (as set forth in the right-to-sue letter) and his claims for relief under 42 U.S.C. § 1983 and Title VII.

I further recommend that defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) (docket no. 10) be **GRANTED** as to plaintiff's claim that defendant violated the ADA by

creating a retaliatory hostile work environment.

      I further recommend that this action be **DISMISSED**.


Entered: February 10, 2016           /s/ Ray Kent
                        Ray Kent
                        U.S. Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).